No. 3077. Dial Hardware Company *v.* Levy, November Term, 1892. This case is fully stated in the following order, passed December 19, 1892,

Per Curiam. This is a motion to reinstate an appeal which, on the 10th day of December, 1892, was dismissed by the clerk of this court, for failure to file the return, in accordance with Rules I. and II. The order of the clerk dismissing the appeal purports to be based upon the affidavit of Mr. McMaster, one of the attorneys for respondent, and the certificate of the clerk of the Supreme Court, "showing that no return has been filed with the the clerk of this court, in accordance with Rules I. and II." But the said affidavit makes no such showing. On the contrary it simply shows, "That more than forty days have passed since the adjournment of said court, and the plaintiff has not served deponent with any exceptions or any proposed 'Case,' as required by the rules of court;" and there is no mention made of the *return* in said affidavit. It is true, that there is a certificate of the clerk of the Supreme Court, bearing date the 10th day of December, 1892, that no return had been filed in his office; but as Rule I. requires both an affidavit and a certificate of the clerk that no return has been filed, a party cannot be permitted to avail

himself of the very summary relief afforded by that rule without a strict compliance with its terms. It is also true, that the respondent might, perhaps, have obtained from the clerk an order dismissing the appeal, upon the affidavit submitted to the clerk in this case, under Rule VII. of this court, provided he had given the notice required by that rule; but as there is nothing to show that any such notice was given, and as the order of the clerk dismissing the appeal was not made under that rule, we need not consider the question whether the respondent could have obtained a dismissal of the appeal under Rule VII. We think it clear, therefore, that the order dismissing the appeal was erroneously granted, and that appellants are entitled to an order reinstating the appeal.

It seems to us, also, that there is another ground upon which the proposed motion must be granted. Under the provisions of subdivision 1, of section 2, of the act of 1889 (20 Stat., 356), the appellant, in a case like this, is entitled to thirty days after service of his notice of intention to appeal, within which to make and serve his case and exceptions, and as, by Rule II. of this court, it is declared that the return shall consist of copies of the judgment roll, the notice of appeal *and exceptions,* we do not see how the return can be completed until the exceptions have either been served or the time for serving them has expired; and as the appellant, by Rule I., is entitled to forty [1] days, after the return has been completed, to file the same in this court, we do not see how the appellant was in default, on the 10th of December, 1892, in not having then filed the return. The papers show that the notice of intention to appeal was given on the 7th of November, 1892, which was in due time, and the appellants being entitled to thirty days from that date to serve their exceptions, and to forty days after the expiration of the said thirty days to file the return, it is quite clear that there was no default, on the 10th of December, 1892, in filing the return. Upon this ground, also, the motion to reinstate the appeal must be granted.

Inasmuch, however, as it does appear from the papers submitted to us that appellants were in default in not serving

---

[1] Now twenty.—REPORTER.

their case and exceptions within the time allowed for that purpose, which default we are satisfied was due to a misunderstanding between the attorneys of the respective parties, the motion to reinstate will be granted, upon the condition that the case shall be.prepared for argument during the time assigned for the call of the docket of the Fifth Circuit (to which this case belongs) at the present term of this court. It is, therefore, ordered, that the motion to reinstate the appeal in this case be granted, upon the condition that the case be prepared for argument during the time assigned for the call of the docket of the Fifth Circuit at the present term of this court.

*John Bauskett,* for the motion. *John McMaster,* contra.

